IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SIMON NEWMAN,

    Plaintiff,

v.                                         Civil Action No. 5:06CV163
                                                      (STAMP)
USP-HAZELTON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On December 27, 2006, the plaintiff, Simon Newman, appearing pro se,[1] filed a civil rights complaint, a motion to proceed in forma pauperis, an executed consent to collection of fees form, and a prisoner trust account report. The Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter. The Clerk's Office sent the plaintiff a deficiency notice advising him that the Court could not process his request to proceed in forma pauperis until such time as he filed the appropriate ledger sheets for his inmate account that show all of the transactions in that account for the six-month period preceding the filing of this action. The notice also

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

advised the plaintiff that the failure to file the ledger sheets within thirty days would result in the dismissal of his complaint.

On May 9, 2007, the magistrate judge entered a report recommending that the plaintiff's complaint be dismissed without prejudice for the failure to prosecute this action unless the Court hears to the contrary within ten days from the date of the magistrate judge's order. To date, no objections have been filed. However, on May 24, 2007, the plaintiff filed a letter requesting a print out of his three civil actions, including this action, so that he may see "what activities, if any, have happened on these said Civil Dockets." (Pl.'s Letter, May 24, 2007.)

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Discussion

The magistrate judge found that as of the date of his opinion, the plaintiff had not filed the requested form, had not filed a

motion to extend time to do so or otherwise explained his reasons for noncompliance.

After a review of the pleadings in this action, this Court finds that the plaintiff still has not filed the requested forms, has not filed a motion to extend to do so or otherwise explained his reasons for noncompliance. Plaintiff has filed a letter requesting a print out of his docket after the magistrate judge filed his report and recommendation. This Court finds that the plaintiff's letter does not explain his failure to prosecute this action or request any extension of time. See Rule 41(b). Accordingly, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous because the plaintiff has failed to prosecute this action.

### III. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE for the failure to prosecute this case and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in the

waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    August 13, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE